IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

TIME 4:00P FILED

OCT - 7 2021

RICHARD W. NAGEL, Clerk of Court
COLUMBUS, OHIO

HERBERT GENE GERDAU
(ENTER ABOVE THE NAME OF THE PLAINTIFF IN THIS ACTION)

IF THE PLAINTIFF IS A PRISONER:   PRISONER # 769117

vs.

CAMBRIDGE CITY POLICE
(ENTER ABOVE THE NAME OF THE DEFENDANT IN THIS ACTION)

IF THERE ARE ADDITIONAL DEFENDANTS PLEASE LIST THEM:

OFFICER EUBANKS

OFFICER CASTRO

OFFICER JAMES

AMENDED COMPLAINT

I. PARTIES TO THE ACTION:

PLAINTIFF: PLACE YOUR NAME AND ADDRESS ON THE LINES BELOW. THE ADDRESS YOU GIVE MUST BE THE ADDRESS THAT THE COURT MAY CONTACT YOU AND MAIL DOCUMENTS TO YOU. A TELEPHONE NUMBER IS REQUIRED.

HERBERT GENE GERDAU
NAME - FULL NAME PLEASE - PRINT

15708 McCONNELSVILLE RD
ADDRESS: STREET, CITY, STATE AND ZIP CODE

CALDWELL, OH 43724

TELEPHONE NUMBER

IF THERE ARE ADDITIONAL PLAINTIFFS IN THIS SUIT, A SEPARATE PIECE OF PAPER SHOULD BE ATTACHED IMMEDIATELY BEHIND THIS PAGE WITH THEIR FULL NAMES, ADDRESSES AND TELEPHONE NUMBERS. IF NO ADDITIONAL PLAINTIFFS EXIST CONTINUE WITH THIS FORM.

PAGE 2 AND 3 OF THIS FORM DEAL ONLY WITH A PLAINTIFF THAT IS INCARCERATED AT THE TIME OF FILING THIS COMPLAINT.

IF YOU ARE A PRISONER FILING A CIVIL SUIT THE FOLLOWING INFORMATION IS REQUIRED:

PREVIOUS LAWSUITS:

    A.    HAVE YOU BEGUN OTHER LAWSUITS IN STATE OR FEDERAL COURT DEALING WITH THE SAME FACTS INVOLVED IN THIS ACTION OR OTHERWISE RELATING TO YOUR IMPRISONMENT? YES ( ) NO (✓)

    B.    IF YOUR ANSWER TO A IS YES, DESCRIBE THE LAWSUIT IN THE SPACE BELOW. (IF THERE IS MORE THAN ONE LAWSUIT, DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THE SAME OUTLINE.)

        1.    PARTIES TO THIS PREVIOUS LAWSUIT

            PLAINTIFFS:

            DEFENDANTS:

        2.    COURT (IF FEDERAL COURT, NAME THE DISTRICT: IF STATE COURT, NAME THE COUNTY)

        3.    DOCKET NUMBER

        4.    NAME OF THE JUDGE TO WHOM THE CASE WAS ASSIGNED

        5.    DISPOSITION (FOR EXAMPLE, WAS THE CASE DISMISSED? WAS IT APPEALED? IS IT STILL PENDING?)

        6.    APPROXIMATE DATE OF THE FILING OF THE LAWSUIT

        7.    APPROXIMATE DATE OF THE DISPOSITION

PLACE OF PRESENT CONFINEMENT

A. IS THERE A PRISONER GRIEVANCE PROCEDURE IN THIS INSTITUTION? YES ( ) NO (✓)

B. DID YOU PRESENT THE FACTS RELATING TO YOUR COMPLAINT IN THIS STATE PRISONER GRIEVANCE PROCEDURE? YES ( ) NO ( )

C. IF YOUR ANSWER IS YES:

   1. WHAT STEPS DID YOU TAKE?

   2. WHAT WAS THE RESULT?

D. IF YOUR ANSWER IS NO, EXPLAIN WHY NOT.

E. IF THERE IS NO PRISON GRIEVANCE PROCEDURE IN THIS INSTITUTION, DID YOU COMPLAIN TO PRISON AUTHORITIES? YES ( ) NO ( )

F. IF YOUR ANSWER IS YES:

   1. WHAT STEPS DID YOU TAKE?

   2. WHAT WAS THE RESULT?

DEFENDANTS:

PLACE THE NAME AND ADDRESS OF EACH DEFENDANT YOU LISTED IN THE CAPTION ON THE FIRST PAGE OF THIS COMPLAINT. THIS FORM IS INVALID UNLESS EACH DEFENDANT APPEARS WITH FULL ADDRESS FOR PROPER SERVICE.

1. CAMBRIDGE CITY POLICE
   NAMES - FULL NAME PLEASE
   814 WHEELING AVE., CAMBRIDGE, OH 43725
   ADDRESS - STREET, CITY, STATE AND ZIP CODE

2. OFFICER EUBANKS
   814 WHEELING AVE., CAMBRIDGE, OH 43725

3. OFFICER CASTRO
   814 WHEELING AVE., CAMBRIDGE, OH 43725

4. OFFICER JAMES
   814 WHEELING AVE., CAMBRIDGE, OH 43725

5.

6.

IF THERE ARE ADDITIONAL DEFENDANTS, PLEASE CONTINUE LISTING THEM.

## STATEMENT OF CLAIM

The factual circumstances underlying this appeal arise from a traffic stop, and the subsequent arrest of Plaintiff in Cambridge, Ohio. The following facts are stated in the light most favorable to Plaintiff,

1. On December 16, 2019 Defendant Castro and Defendant Eubanks were conducting a traffic stop in Cambridge, Ohio near North 1st Street when Defendant Castro observed Plaintiff's vehicle (a black Chrysler) pass the traffic stop between 11.30 p.m. and midnight. Defendant Castro left the traffic stop he was conducting with Defendant Eubanks to follow Plaintiffs vehicle.

2. Video evidence will show that:

    a. Defendant Castro, in a personal ongoing drug interdiction efforts regarding Plaintiff, stopped Plaintiff's vehicle.

    b. Defendant Eubanks, the K-9 officer for the Cambridge Police Department, arrived on the scene 30 seconds to 1 minute after Plaintiff's vehicle came to a stop.

    c. Defendant Castro approached the passenger side of the vehicle with his firearm drawn, while Defendant Eubanks approached the driver's side of the vehicle with his firearm drawn, and made contact with Plaintiff. Defendant Eubanks had previous professional contact with Plaintiff for drug use, and possible drug trafficking. [*Note: "[U]pon contact with [Plaintiff], [Defendant] Eubanks testified that [Plaintiff] keep reaching around his vehicle, not following directives. [Plaintiff] was visibly nervous, voice was audibly rattling, [Plaintiff] was sweating, despite cold temperatures, didn't make eye contact, and kept his hands off the steering wheel despite repeated orders not to." (See Findings of Fact, Conclusions of Law, Judgment Entry, **at 10**, filed Oct. 26, 2020, in Common Pleas Case No. 20-CR-99).*]

    d. Defendant Eubanks decided to remove Plaintiff from the vehicle for officer's safety and to conduct an open air sniff with his k-9 Breeze. [*Note: "[P]rior to removing [Plaintiff] from the vehicle, [Plaintiff] advised he had nothing illegal and initially put his hands on his head as ordered, but [allegedly] started to reach around the vehicle again and was not following orders after unbuckling his seatbelt. (See Findings of Fact, Conclusions of Law, Judgment Entry, **at 12**, filed Oct. 26, 2020, in Common Pleas Case No. 20-CR-99).*]

    e. Defendant Eubanks ordered Defendant out of the vehicle.

    f. When exiting the vehicle, Plaintiff placed his hands behind his head, but left foot got stuck in the driver's side seatbelt. At which time, Defendant Castro tased Plaintiff

5

because he believed Plaintiff was not complying with orders. [*Note: A court has previously held that it was excessive force to tase a person who refused to comply with commands, but was never told he was under arrest, never demonstrated physical violence, and had arms raised and back to wall when tased. See Kent v. Oakland Cnty., 810 F.3d 384 (6th Cir. 2016)).*]

g. After tasing Plaintiff, Defendant Eubanks kicked Plaintiff's legs out from underneath him. Only then did Plaintiff remove his hands from behind his head to catch himself.

h. Upon hitting the ground, Defendant Eubanks repeatedly banged Plaintiff's face off the street causing a gash in the eyebrow, during which Plaintiff yelled "you split my face", and Defendant Eubanks responded "fuck your face".

i. Plaintiff obtained five-stitches as a result of Defendant Eubanks actions.

## RELIEF

Because a reasonable juror could find that, when Defendant Castro tased Plaintiff, Defendant Eubanks kicked Plaintiff's legs out from underneath him and repeatedly banged Plaintiff's face off the street resulting in five-stitches, the force used by the officers violated her Fourth Amendment right to be free from excessive force, Defendant's acted with 'Excessive Force'. Order Defendant's to pay actual damages, up to $250,000 per-defendant, for their 'Excessive Force' toward Plaintiff's. In addition, Order Defendant's to pay punitive damages, up to $250,000 per-defendant, for acting recklessly, maliciously, or deceitfully.

Signed this 27 day of September, 2021

_____
Herbert Gene Gerdau