UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HERBERT G. GERDAU,

      Plaintiff,

v.                                 Civil Action 2:21-cv-4152
                                   Judge Edmund A. Sargus, Jr.
                                   Magistrate Judge Chelsey M. Vascura

CAMBRIDGE CITY POLICE, *et al.*,

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Herbert G. Gerdau, an inmate at Noble Correctional Institution who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 asserting a Fourth Amendment claim for excessive force against the Cambridge City Police and three of its officers.  This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, the undersigned finds that Plaintiff may proceed on his individual-capacity Fourth Amendment claims against Defendants Officers Castro and Eubanks.  Accordingly, the U.S. Marshal is **ORDERED** to effect service of process via certified mail over these two Defendants.

It is **RECOMMENDED**, however, that the Court **DISMISS** Plaintiff's claims against Defendant Officer James pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted. The undersigned incorporates by reference Section I of the August 16, 2021 Order and Report and Recommendation (ECF No. 3), which sets forth the standards this Court applies in conducting initial screens as required under § 1915. Although Plaintiff's Amended Complaint identifies Officer James as a Defendant in the caption, he does not mention Defendant James in the body of his Amended Complaint. Accordingly, he has failed to plead a claim against Defendant James such that dismissal is appropriate.

Accordingly, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. §§ 1915(e) for failure to state a claim on which relief may be granted against Defendant Officer James. Plaintiff may proceed on his remaining Fourth Amendment individual-capacity claims against Defendants Officers Castro and Eubanks. The U.S. Marshal is **DIRECTED** to effect service of process via certified mail over Defendants Officers Castro and Eubanks.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE