UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HERBERT G. GERDAU,

    **Plaintiff,**

  v.                                       Civil Action 2:21-cv-4152
                                                Judge Edmund A. Sargus, Jr.
                                                Magistrate Judge Chelsey M. Vascura

CAMBRIDGE CITY POLICE, *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court on Plaintiff's *pro se* Motion for Extension of Time and Request for Evidence (ECF No. 25) and the Response in Opposition filed by Defendants, Officers Castro and Eubanks (ECF N. 27). For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**.

I.

Plaintiff filed this § 1983 action against Officers Eubanks, James, and Castro and the Cambridge City Police alleging that his Fourth Amendment Rights were violated when the individual defendants used excessive force against him during a traffic stop. (ECF No. 2.) After Plaintiff filed an amended Complaint (ECF No. 7), it was recommended that Plaintiff's claims against Office James be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and 1915A (ECF No. 8). The Court adopted that Report and Recommendation (ECF No. 10) and later determined that Plaintiff's claims against the Cambridge City Police would also be dismissed. (ECF No. 11.)

Plaintiff subsequently attempted to subpoena body and dash cam footage of his December 16, 2019 arrest and the December 15, 2019 arrest of a non-party. (ECF Nos. 16.) Because his initial subpoenas were directed to the wrong law enforcement agency, Plaintiff withdrew them and issued new ones directed to the correct agency—the Cambridge Police Department, now a non-party, which employed Officers Eubanks and Castro when Plaintiff was arrested. (ECF No. 19.) The Cambridge Police Department apparently did not object to the subpoenas. Indeed, on March 17, 2022, counsel for the remaining Defendants—Officers Eubanks and Castro— filed a notice indicating that the Cambridge Police Department had responded to them. (ECF No. 22.)

On June 13, 2022, Plaintiff filed the instant motion seeking a 90-extension of the dates in the January 11, 2022 Scheduling Order. (ECF No. 25.) Construing that *pro se* motion liberally, Plaintiff appears to indicate that he wanted to mail the flash drive containing the subpoenaed body and dash cam footage to prospective counsel, but the prison confiscated it and instead mailed his prospective counsel an empty envelope. (*Id*.) He asks the undersigned to order that the dash and body cam footage be re-produced to a family member and seeks additional time to meet the deadlines in the Scheduling Order. (*Id*.)

Defendants, Officers Eubanks and Castro, oppose the motion. (ECF No. 132.) They assert that Plaintiff's request for an Order directing the Cambridge Police Department to send a second flash drive to a family member constitutes "unreasonable and repetitive discovery" and that they "are not obligated to provide multiple copies of the same discovery information . . . simply because [P]laintiff has misplaced or otherwise failed to adequately handle the evidence." (ECF No. 27, at PageID # 132.) Because there is no reason to provide Plaintiff with this additional discovery, Defendants assert that an extension of the deadlines in the Scheduling Order is also unwarranted.

Plaintiff subsequently attempted to subpoena body and dash cam footage of his December 16, 2019 arrest and the December 15, 2019 arrest of a non-party. (ECF Nos. 16.) Because his initial subpoenas were directed to the wrong law enforcement agency, Plaintiff withdrew them and issued new ones directed to the correct agency—the Cambridge Police Department, now a non-party, which employed Officers Eubanks and Castro when Plaintiff was arrested. (ECF No. 19.) The Cambridge Police Department apparently did not object to the subpoenas. Indeed, on March 17, 2022, counsel for the remaining Defendants—Officers Eubanks and Castro— filed a notice indicating that the Cambridge Police Department had responded to them. (ECF No. 22.)

On June 13, 2022, Plaintiff filed the instant motion seeking a 90-extension of the dates in the January 11, 2022 Scheduling Order. (ECF No. 25.) Construing that *pro se* motion liberally, Plaintiff appears to indicate that he wanted to mail the flash drive containing the subpoenaed body and dash cam footage to prospective counsel, but the prison confiscated it and instead mailed his prospective counsel an empty envelope. (*Id*.) He asks the undersigned to order that the dash and body cam footage be re-produced to a family member and seeks additional time to meet the deadlines in the Scheduling Order. (*Id*.)

Defendants, Officers Eubanks and Castro, oppose the motion. (ECF No. 132.) They assert that Plaintiff's request for an Order directing the Cambridge Police Department to send a second flash drive to a family member constitutes "unreasonable and repetitive discovery" and that they "are not obligated to provide multiple copies of the same discovery information . . . simply because [P]laintiff has misplaced or otherwise failed to adequately handle the evidence." (ECF No. 27, at PageID # 132.) Because there is no reason to provide Plaintiff with this additional discovery, Defendants assert that an extension of the deadlines in the Scheduling Order is also unwarranted.

**II.**

A.  **90-Day Extension**

Pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Tolliver v. Noble*, No. 2:16-CV-1020, 2022 WL 843573, at *5 (S.D. Ohio Mar. 22, 2022) (citing *Kirby v. Diversified Fabrications, Inc.*, No. 1:08-CV-83, 2010 WL 11520004 (E.D. Tenn. Mar. 26, 2010)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted) (citing cases); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)).

Here, Plaintiff has established good cause to modify and extend the deadlines that have yet to expire, (*i.e.*, the deadlines to complete discovery and file dispositive motions, including motions raising qualified immunity defenses). Plaintiff indicates that the flash drive containing the subpoenaed materials was confiscated when he attempted to send it to prospective counsel. (ECF No. 25.) In addition, even though the parties have not addressed precisely when the flash drive was confiscated, Plaintiff diligently sought a modification of the Scheduling Order—he filed his motion after he learned that prospective counsel received an empty envelope instead of the flash drive. Plaintiff further demonstrates diligence by indicating that he has been "attempting to work with prison officials and/or other contacts outside of prison" to provide the

3

confiscated materials to prospective counsel. (*Id*. at PageID # 127.) The Court also notes that Plaintiff seeks a relatively modest extension of time—90 days—which appears reasonable given that his subpoenaed materials were confiscated and may need to be reacquired. Notably, Defendants do not explain, and the Court cannot discern, how this 90-day extension will cause them to suffer prejudice. Accordingly, Plaintiff's request for a 90-day extension of the unexpired deadlines in the Scheduling Order is **GRANTED**.

B.  **Re-production of the Subpoenaed Materials**

The Court, however, **DENIES** Plaintiff's request for an Order directing a non-party, the Cambridge Police Department, to re-produce the subpoenaed materials.

Rule 45 of the Federal Rules of Civil Procedure permits parties in legal proceedings to command non-parties to attend depositions; produce documents, electronically stored information, or tangible items; and permit the inspection of premises. Fed. R. Civ. P. 45(a)(1)(iii). But that subpoena power is not without limits. Subpoenas must strictly comply with technical requirements described in Rule 45 that are designed to protect non-parties. A subpoenaed party can object to a subpoena duces tecum within fourteen days after it is served or by the time specified for compliance, whichever is earlier. Fed. R. Civ. P. 45(d)(2)(B). And a subpoenaed party can also move to modify or quash any type of subpoena. Fed. R. Civ. P. 45(d)(3). An Order directing the Cambridge Police Department to re-produce the dash and body cam footage in response to the subpoena that was previously issued and served would circumvent these protections. In these procedural circumstances, the Cambridge Police Department will not have an opportunity to resist producing the flash drive a second time.

But the Court also declines Defendants' invitation to limit the frequency or extent of discovery. (ECF No. 27 PageID # 131.) Defendants seem to suggest that the Court should limit

4

Plaintiff from seeking materials from the Cambridge Police Department a second time because Plaintiff's desire to do so is unreasonably cumulative or duplicative given that he "misplaced or otherwise failed to adequately handle" the materials. (ECF No. 27 at PageID # 131–32.) But that fails to address, and even grossly mischaracterizes, Plaintiff's assertion, which is that the prison confiscated his legal mail. If that assertion is true, and Defendants do not refute it, issuing new subpoenas to the Cambridge Police Department is not only reasonable, it may be the most expeditious way for Plaintiff to move forward. Moreover, there is no numerical limit to the number of subpoenas that can be issued for documents or items in a civil case.

For that reason, the Court declines, at this juncture, to limit Plaintiff from issuing, and asking the Court to order service of, new subpoenas directed at the Cambridge Police Department that seek again the dash and body cam footage but designate a different place for their production. A party requesting the Clerk of Court to issue a subpoena may designate any reasonable time and place for production, including, for instance, a residential address located approximately seven miles from the Cambridge Police Department.

### III.

Accordingly, Plaintiff's motion is **GRANTED IN PART**. The July 7, 2022 deadline for discovery and the August 8, 2022 deadline for dispositive motions, including motions raising qualified immunity defenses, are both extended for 90 days. Plaintiff's request for an Order directing the Cambridge Police Department to re-produce the dash and body cam footage is **DENIED WITHOUT PREJUDICE**. Plaintiff may, however, again subpoena the dash and body cam footage and designate a different address for production. The Clerk is **DIRECTED** to mail to Plaintiff copies of subpoena forms with this Order.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE